## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE I, individually and on behalf of all individuals similarly situated, | ) ) ) ) | CASE NO. 5:25-cv-827 |
| PLAINTIFFS, | ) ) | CHIEF JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| MATTHEW WEISS, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

In this putative class action, plaintiff Jane Doe I ("Doe") moves for the appointment of interim class counsel under Rule 23(g)(3) of the Federal Rules of Civil Procedure. (Doc. No. 7 (Motion).) For the following reasons, the motion is denied without prejudice.

## I.     BACKGROUND

Doe seeks to represent two classes of students who are alleged to have been negatively impacted by the "unauthorized access and misuse of personal information" by defendant Matthew Weiss ("Weiss"), a former University of Michigan and Baltimore Ravens football coach. (Doc. No. 1 (Complaint), at 1[1] & ¶¶ 110–11.) According to the Complaint, between 2015 and 2023, Weiss unlawfully accessed electronically stored personal identifying information ("PII") and personal health information ("PHI") of over 150,000 students nationwide (many of whom were

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

student-athletes). (*Id*. ¶¶ 18–19, 21, 26.) Using this information, Weiss was also able to access the social media, email and/or cloud storage accounts of over 3,300 students, which then enabled him to download "personal, intimate digital photographs and videos that were never intended to be shared beyond intimate partners." (*Id*. ¶ 22.) On March 25, 2025, Weiss was indicted in the United States District Court for the Eastern District of Michigan on 24 counts of unauthorized access to computers and aggravated identity theft. (*Id*. ¶ 11; *see* Doc. No. 7-1 (Indictment).)

Doe was a student-athlete at Malone University from 2017 to 2022. (Doc. No. 1 ¶ 1.) Doe received a letter, dated March 31, 2025, from the United States Department of Justice advising her that she was identified as a potential victim in the federal criminal action against Weiss. (*Id*. ¶ 81; *see* Doc. No. 1-1 (Letter).) In addition to Weiss, Doe brings this action against her former university (Malone), and Keffer Development, LLC ("Keefer"), the technology and data vendor Malone employed to store and maintain electronic student PII and PHI. (Doc. No. 1, at 1 & ¶¶ 8, 30, 32.) She alleges that Malone and Keffer were negligent in failing to ensure the security of this sensitive and confidential information. (*See id*. ¶¶ 37, 49–53, 64, 67.)

The present lawsuit is one of many that have been filed across the country in the wake of the discovery of the Weiss data breach. The first actions were filed in the Eastern District of Michigan and were brought against Weiss, Keffer, and the University of Michigan. *See, e.g., Doe I, et al. v. Weiss, et al*., No. 2:25-cv-10806; *Doe I, et al. v. Weiss, et al*., No. 2:25-cv-10855; *Roe CLF 001 v. Weiss, et al*., No. 2:25-cv-10870; *Doe v. University of Michigan Board of Regents, et al*., No. 2:25-cv-10876; *Doe 1, et al. v. The Regents of the University of Michigan, et al*., 2:25-cv-10946; *Doe v. Board of Regents of the University of Michigan, et al*., No. 25-cv-10951; *Doe I, et al. v. Weiss, et al*., 2:25-cv-10988; *Doe v. Board of Regents of the University of Michigan, et al*.,

No. 2:25-cv-10999. These Michigan actions all appear on the docket of the Honorable Mark A. Goldsmith.

Several of the attorneys who seek appointment as interim counsel in the present case belong to a coalition of attorneys that sought appointment as interim class counsel in the Michigan cases. (*See* No. 2:25-cv-10806, Doc. No. 51 (Motion for Appointment of Interim Counsel).) At least one other set of attorneys requested appointment as interim class counsel in Michigan. (*See id.*, Doc. No. 19 (Motion to Consolidate and to Appoint Interim Lead Counsel); *see also id.*, Doc. No. 55 (Response to Motion for Appointment of Interim Counsel), at 1 fn. 1 & 2 (identifying attorney groups vying for appointment as interim class counsel).) On May 23, 2025, Judge Goldsmith issued an order consolidating the Michigan cases and appointing interim class counsel. (*See* No. 2:25-cv-10806, Doc. No. 58 (Order for Consolidation and Related Matters).) Doe's counsel were not among the attorneys who were appointed as interim class counsel in the Michigan cases. (*See id.* at 1.)

A smattering of cases were subsequently filed in other district courts around the country against Weiss, Keffer, and various other educational institutions. *See, e.g., Doe v. Weiss, et al.*, N.D. Ill. No. 1:25-cv-4233; *Doe 1 v. Weiss, et al.*, C.D. Cal. No. 5:25-cv-997; *Doe v. Weiss, et al.*, D. Mass. No. 1:25-cv-11151; *Doe 1, et al. v. High Point University, et al.*, M.D. N.C. No. 1:25-cv-303. These cases were all filed within days of the action in this Court.

This case is the only action related to the Weiss data breach pending in the Northern District of Ohio. Within a week of filing the complaint, Doe moved for the appointment of interim class counsel. By the present motion, Doe seeks appointment of her current counsel—attorneys from the law firms of Barkan Meizlish DeRose Cox, LLP, Sommers Schwartz, P.C., and Pitt McGehee

Palmer Bonanni & Rivers, P.C.—arguing that these attorneys "possess the requisite experience, commitment, resources and leadership qualities under the Federal Rules of Civil Procedure 23(g)." (Doc. No. 7, at 6.)

## II.    LAW AND ANALYSIS

A district court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointment of interim counsel is appropriate where it is necessary to protect the interests of the putative class. *See* Fed. R. Civ. P. 23 advisory committee's note, 2003 amend. (Former Rule 23(g)(2)(A), now Rule 23(g)(3), "authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class"). Such an appointment is discretionary and is particularly suited to complex actions, as explained in the Manual for Complex Litigation (Fourth):

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

Manuel for Complex Litigation (Fourth) § 21.11. For these reasons, "courts that appoint interim counsel generally do so when a large number of putative class actions have been consolidated or are pending before a single court." *Dudenhoefer v. Fifth Third Banc.*, No. 1:08-cv-538, 2009 WL 10678975, at *2 (S.D. Ohio Mar. 25, 2009) (collecting cases); *see also, e.g., Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 409 (S.D. Ohio 2021) (appointing interim class counsel when "multiple duplicative lawsuits" were pending before a single court in a consolidated action).

4

The Court finds that appointment of interim class counsel would be premature. At the present time, there are no competing actions consolidated or pending *before this Court*. The only other related cases are pending in other districts and have not been consolidated with this case. "Typically, courts find interim counsel necessary only where a large number of putative class actions have been consolidated or otherwise are *pending in a single court*." *Levey v. Concesionaria Vuela Compañía de Aviación, S.A.P.I. de C.V.*, 529 F. Supp. 3d 856, 867 (N.D. Ill. 2021) (quotation marks and citation omitted) (emphasis in original); *see In re Seagate Tech. LLC Litig.*, 16-cv-523, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) ("Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel." (collecting cases)); *see also Bielski v. Coinbase, Inc*., No. C 21-7478, 2022 WL 17650535, at *2–3 (N.D. Cal. Dec. 13, 2022) (finding no need to appoint interim class counsel where the only related cases were pending in other federal and state courts); *Mey v. Patriot Payment Grp., LLC*, No. 5:15-cv-27, 2016 WL 11501481, at *2 (N.D. W.V. 2016) (holding that "[t]he fact that another similar suit is pending in another court does not, without more, create the sort of rivalry or uncertainty that justifies the appointment of interim counsel" (quotation marks and citation omitted)).

Additionally, Doe's counsel are the only attorneys seeking to represent the putative class in this case. As noted, the Manual for Complex Litigation provides that appointment of interim counsel is often unnecessary in those circumstances. Manuel for Complex Litigation (Fourth) § 21.11; *see, e.g., In re Nest Labs Litig*., No. 14-cv-1363, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014) (denying motion for appointment of interim class counsel as unnecessary where the only two law firms on the case sought appointment as co-interim class counsel).

While Doe suggests that interim counsel is necessary to, among other things, "secure

agreement on ESI preservation, request and respond to initial disclosures, conduct discovery, and negotiate a schedule" (*see* Doc. No. 7, at 21), the appointment of interim class counsel is not necessary to ensure that these common pretrial activities take place. "Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." *See* Fed. R. Civ. P. 23(g)(3) advisory committee's notes, 2003 amend.; *see also Wolpert v. Branch Banking Trust & Co.*, No. 3:19-cv-138, 2023 WL 3263487, at *4 (E.D. Tenn. Mar. 23, 2023) ("Here, there are no pending competing matters, and at this time[,] the responsibility for protecting the interests of the class in this Court is clear." (quotation marks and citation omitted)).

Doe also believes that the appointment of interim counsel in this case will help protect the putative class's rights in the cases pending in Michigan. (Doc. No. 7, at 21–24.) Noting the considerable overlap between the class definitions in this case and those in Michigan, Doe argues there is a need for coordination amongst the cases to ensure that the interests of all of the affected victims of the Weiss data breach are considered. (*Id*. at 21–22.) She represents her counsel have "been working to practically and carefully manage this growing litigation" across multiple cases. (*Id*. at 23.) "Indeed," Doe notes, "no other counsel have addressed the topic of coordination or centralization as an MDL, let alone filed complaints on behalf of individuals alleging liability by other schools or data providers." (*Id*.) Doe insists "[a]ppointing interim class counsel . . . provides a clear line of accountability between interim class counsel and the class, this court and the Eastern District of Michigan Judge Mark Goldsmith." (*Id*. at 23–24.)

Given the procedural posture in this judicial district—one pending case with one set of lawyers seeking appointment as interim class counsel—Doe's arguments seem designed either to gain an advantage in the Michigan cases or to position counsel for possible representation in a future MDL.[2] *See Davis v. GEICO Cas. Co*., No. 2:19-cv-2477, 2021 WL 4876213, at *3 (S.D. Ohio May 20, 2023) (refusing to appoint interim class counsel where granting the motion would give plaintiffs' attorneys "leverage" over counsel in a related action to negotiate a class settlement); *Bielski*, 2022 WL 17650535, at *3 (denying motion for appointment of interim counsel without prejudice where the motion "seems more like an attempt by plaintiffs' lawyers to jockey for position among different cases that may eventually wind up in an MDL"); *see also Mey*, 2016 WL 11501481, at *3 (finding "overlapping allegations and class definitions . . . not sufficient to mandate interim counsel appointment"). These arguments are more appropriately raised before an MDL judge should these cases ultimately get reorganized into an MDL.

While the Court has the discretion to appoint interim counsel to act on behalf of the putative class, it exercises its discretion not to do so at this time. Should the circumstances change in this case to warrant the appointment of interim class counsel, Doe may renew her motion.

---

[2] Such a conclusion is bolstered by the fact that Doe invited this Court to rule on the pending motion before the date of the initial conference in the Michigan cases, where the court and counsel were expected to discuss issues including consolidation and the appointment of interim counsel. (*See* Doc. No. 7, at 23 (noting that "[a]lthough this case is in its infancy . . . , it is part of a larger set of cases. The May 14th case management conference in the Michigan cases is a good example of the activities that are likely to take place in the various cases now on file, and a good basis to make an early interim class counsel appointment in this case").). This Court does not wish to be a party to what appears to be a jockeying for position, particularly when there are multiple older consolidated cases pending in another district.

### III.     CONCLUSION

For the foregoing reasons, the motion for the appointment of interim class counsel (Doc.

No. 7) is denied without prejudice.

**IT IS SO ORDERED**.


Dated: May 30, 2025

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**